**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1115**

SUBASINGHE NISSANKA DIAS,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A98-701-881)

Submitted:  January 18, 2008          Decided:  February 6, 2008

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Don W. Pak, Philadelphia, Pennsylvania, for Petitioner.  Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, William C. Minick, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Subasinghe Nissanka Nil Rukma Dias, a native and citizen of Sri Lanka, petitions for review of an order of the Board of Immigration Appeals (the "Board") affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[*]

We have reviewed the administrative record, the immigration judge's decision, and the Board's affirmance thereof, and find that substantial evidence supports the ruling that Dias failed to establish a nexus between the alleged persecution and a protected ground. See 8 C.F.R. § 1208.13(a) (2005) (stating that burden of proof is on alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Such a causal nexus is required to support the grant of asylum. 8 U.S.C. § 1101(a)(42)(A) (2000); Saldarriaga v. Gonzales, 402 F.3d 461, 466 (4th Cir. 2005), cert. denied, 546 U.S. 1169 (2006). Accordingly, we deny Dias' petition for review of this issue.

Moreover, we reject Dias' contention that the immigration judge and the Board improperly denied her discretionary asylum. The grant of discretionary asylum pursuant to 8 C.F.R. § 208.13(b)(1)(iii) (2005) is only available to an asylum

---

[*]Because Dias does not challenge the Board's affirmance of the denial of withholding of removal or CAT relief, we will not consider the disposition of those claims. See 4th Cir. R. 34(b); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 2 -

applicant who is not otherwise eligible for asylum because of a fundamental change in circumstances or because safe relocation within the applicant's country of origin is available and reasonable. <u>See</u> 8 C.F.R. § 208.13(b)(1)(I), (iii) (2005). Because there was no finding that Dias had suffered past persecution, but that changed circumstances or safe, reasonable relocation within Sri Lanka prohibited her from receiving a grant of asylum, relief under this regulation was simply not available.

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>